UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| GIESECKE & DEVRIENT AMERICA, INC., | : | CASE NO. 5:06-CV-1908 |
| | : | |
| Plaintiff, | : | ORDER & OPINION |
| | : | |
| vs. | : | |
| | : | |
| DEBRA R. MILLER | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Debra R. Miller moves the Court to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay the action pending a decision in the Texas action. [Doc. No. 7.] Plaintiff Giesecke & Devrient America, Inc. ("Giesecke") opposes this motion. [Doc. No. 9.] Defendant has filed a reply to Plaintiff's opposition. [Doc. No. 13.] 28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." For the following reasons, the Court **TRANSFERS** the case to the Northern District of Texas.

As a threshold matter, the Court finds that the case could have been brought in the Northern District of Texas pursuant to 28 U.S.C. § 1391 as "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Defendant Miller allegedly breached her non-compete agreement with Giesecke by accepting employment with De La Rue Cash Systems,

Case No. 06-1908
Gwin, J.

Inc. ("De La Rue"). De La Rue is a Delaware corporation with its principal place of business in Irving, Texas. Similarly, Miller's alleged disclosure of trade secrets occurred in Texas. As such, jurisdiction is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Giesecke's breach of contract claim and misappropriation of trade secrets claim occurred in the Northern District of Texas.

When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

With regard to the convenience of potential witnesses, Defendant Miller's allegedly impermissible employment activities took place in Texas. De La Rue's principal place of business is in Texas, and all employees possessing evidence regarding Miller's alleged breach of contract and misappropriation of trade secrets are located in Texas. Likewise, there are virtually no witnesses located in Ohio. Although Miller is a resident of Ohio, she currently spends the majority of her time in Texas. More importantly, Miller's primary sales territory while employed by Giesecke was the Southeastern United States. Furthermore, Plaintiff Giesecke admits that its potential fact and expert witnesses are located in Virginia, not Ohio. As such, the convenience of potential witnesses weighs in favor of transferring the case to Texas.

Similarly, the convenience of the parties weighs in favor of transferring the case to Texas. Whereas Giesecke's principal place of business is Virginia, Defendant Miller works primarily out of De La Rue's Texas office. Plaintiff Giesecke argues that Northeast Ohio is a more convenient

Case No. 06-1908
Gwin, J.

location than Texas because parties and witnesses could travel from Virginia to Ohio by car. The Court is not persuaded that the potential of a lengthy car ride as opposed to a flight to Texas weighs significantly in favor of maintaining venue in Ohio. In addition, as noted by both parties, evidence located outside of the selected venue can be obtained by deposition or offered by live video transmission to the chosen court.

The location of evidence also weighs in favor of transferring the case to the Northern District of Texas. All relevant information regarding Defendant Miller's new employment, including her reports, business plans and contact logs are located in Texas. Plaintiff Giesecke maintains that documentary evidence concerning Miller's previous employment, as well as evidence related to the computer and attachments assigned to Miller during her previous employment are located in Virginia. The existence of evidence in Virginia does not militate in favor of retaining venue in Ohio.

Alternatively, Plaintiff suggests that transferring the case to Texas would needlessly create a complex choice of law issue. While the non-compete agreement explicitly states that the contract shall be governed by Virginia law, Plaintiff suggests that Defendant Miller will seek to apply Texas law if the instant action and the action currently pending in Texas are consolidated. However, Plaintiff notes that this Court will likely have to entertain the very same choice of law question if the Texas action is transferred to the Northern District of Ohio. The only scenario realistically avoiding adjudication of the choice of law issue would be parallel proceedings in both Texas and Ohio. Unfortunately, such parallel proceedings involve duplicative expense of time and resources, hinder judicial economy, create the potential for inconsistent judgments, and lead to similarly complex questions regarding the *res judicata* effect of whichever proceeding concludes first. Therefore, choice of law does not weigh in favor or against Defendant's motion to transfer.

Finally, the Court recognizes that a plaintiff's choice of forum is accorded significant weight when ruling upon a motion to transfer. However, it is important to note the plaintiff is not a resident of this district and little connection to the district in terms of the location of potential witnesses or evidence has been established. The majority of the operative facts giving rise to Plaintiff's complaint occurred in Texas, and the primary evidence in the case is located in both Texas and Virginia. Other than Defendant Miller's residency in Ohio, virtually no other facts militate in favor of maintaining venue in Ohio. Likewise, the defendant's action for declaratory judgement in Texas was filed prior to the initiation of the present action. Therefore, while Plaintiff Giesecke's choice of forum is given significant consideration, the balance of relevant factors weighs in favor of transferring the instant action to the Northern District of Texas.

As such, the Court **GRANTS** Defendant Miller's motion to transfer and hereby **TRANSFERS** this case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.


Dated: December 11, 2006         s/         *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE